[Cite as *Vaughn v. Firehouse Grill, L.L.C.*, 2017-Ohio-6967.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DANA VAUGHN, | : | APPEAL NO. C-160502 |
| Plaintiff-Appellant, | : | TRIAL NO. A-1406378 |
| vs. | : | *O P I N I O N.* |
| FIREHOUSE GRILL, LLC., | : | |
| and | : | |
| KLEKAMP & COMPANY, | : | |
| Defendants-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 26, 2017


*Casper & Casper LLC* and *William P. Allen* for Plaintiff-Appellant,

*Williams & Petro Co., LLC, Richard A. Williams* and *Susan S.R. Petro*, for Defendant-Appellee Firehouse Grill, LLC.,

*Matthew R. Skinner* for Defendant-Appellee Klekamp & Company.

**CUNNINGHAM, Presiding Judge.**

{¶1} Plaintiff-appellant Dana Vaughn appeals from the trial court's entry of summary judgment in favor of defendants-appellees the Firehouse Grill, LLC., ("Firehouse Grill") and Klekamp & Company ("Klekamp") on her negligence claims stemming from her trip and fall on a handicap ramp. We affirm the grant of summary judgment to the defendants-appellees.

{¶2} On February 22, 2013, around lunchtime, Vaughn, a passenger in a car driven by her husband, arrived at the Firehouse Grill restaurant. Vaughn's husband parked their car in a handicapped parking space next to a handicap ramp. Vaughn exited from the passenger side of the vehicle and walked up the handicap ramp, onto an adjoining sidewalk, and into the restaurant. After finishing lunch, Vaughn exited from the restaurant, walked along the sidewalk, and then down the handicap ramp to her car.

{¶3} Vaughn then stood by her car for some time talking with her family. After saying goodbye, Vaughn decided to reenter the restaurant to use the restroom. She placed her purse in the trunk of her car. She then walked back up the handicap ramp and into the restaurant. As she was walking back down the ramp, she encountered another person walking up the ramp, so she moved to the right side of the ramp. She stepped off the right side of the ramp and fell into her car, injuring her head, her left rotator cuff, her left elbow, and both knees.

{¶4} Vaughn filed a negligence action against Firehouse Grill, as the property owner, and against Klekamp, the company that allegedly had painted the handicap ramp. Vaughn alleged that she tripped and fell down the ramp because the ramp's paint scheme created a latent, hidden defect. She alleged that the yellow color of the ramp and the abutting parking line hid the change in elevation between the ramp and the parking lot,

making it appear as if the entire painted area was a part of the ramp instead of the parking lot.

{¶5}   Firehouse Grill moved for summary judgment based on a number of theories, including that it owed no duty to Vaughn because the ramp and its paint scheme were open and obvious.  Klekamp also moved for summary judgment on multiple grounds, including that it owed no duty to Vaughn because it had subcontracted the painting of the ramp to another company and had not directed the means or manner of that work.

{¶6}   The trial court granted summary judgment to defendants-appellees on the basis that Vaughn had successfully traversed the ramp three times prior to her fall and thus, the once-traversed doctrine, as articulated in *Raflo v. Losantiville Country Club*, 34 Ohio St.2d 1, 295 N.E.2d 202 (1973), precluded any duty on the part of the defendants-appellees to protect her from any latent defects with respect to the ramp.  In two assignments of error, Vaughn challenges the grant of summary judgment to defendants-appellees.

{¶7}   We review the trial court's grant of summary judgment de novo, using the same standard the trial court applied. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).  Summary judgment in favor of Firehouse Grill and Klekamp was appropriate under Civ.R. 56(C) if they demonstrated that: (1) there was no genuine issue of material fact; (2) they were entitled to judgment as a matter of law; and (3) after considering the evidence in the light most favorable to Vaughn, reasonable minds could only reach a conclusion adverse to her.  *See Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 204 (1998).

{¶8}   In her first assignment of error, Vaughn alleges that the trial court erred in granting summary judgment to the Firehouse Grill when genuine issues of material fact exist as to the latent nature of the paint scheme of the ramp.

3

{**¶9**}    It is undisputed that Vaughn was a business invitee.  Thus, the Firehouse Grill, as the owner of the premises, had a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn Vaughn of latent or concealed dangers if it knew or had reason to know of the hidden dangers.  *Armstrong v. Best Buy,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.  Ohio courts have held that the existence and color of an alleged hazard must be treated together, whether the absence of a color contrast is treated as part of the open-and-obvious analysis or as a claim of an attendant circumstance.  *See Esterman v. Speedway LLC*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, ¶ 14-15; *Shipman v. Papa John's*, 3d Dist. Shelby No. 17-14-17, 2014-Ohio-5092, ¶ 26 (holding that the uniformity of color between the alleged hazard and the surrounding area "does not prevent the condition from being open and obvious[.]").

{**¶10**}    Here, Vaughn does not dispute the following facts: she knew where the ramp was; she had navigated the ramp successfully three times immediately prior to her fall; she had an unobstructed view of the ramp at the time of her fall; and no attendant circumstances distracted her from seeing where she was going.  Rather, she argues that her deposition testimony that she was unable to see the change in elevation between the ramp and the parking lot, when coupled with the deposition testimony from defendants-appellees' representatives, the photographs of the ramp, and the evidence of code violations given by architect David Eaton, creates a genuine issue of material fact as to the latent condition of the paint scheme of the ramp.  We disagree.

{**¶11**}    Vaughn's testimony that the color of the ramp and the abutting parking line hid the change in elevation between the ramp and the parking lot, making it appear as if the entire painted area was a part of the ramp does not, by itself, create a genuine issue of material fact.  *See Esterman*, 1st Dist. Hamilton No. C-140287, 2015-Ohio-659, at ¶ 7

4

(noting that case law utilizes an objective, not subjective standard when determining whether a danger is open and obvious); *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25 (holding that the fact that the plaintiff was unaware of the hazard was not dispositive of whether it was open and obvious).

{¶12} Vaughn next argues that deposition testimony from the defendants-appellees' representatives is evidence of a fact issue as to whether the ramp's paint scheme created a latent condition. Both representatives were shown photographs of the ramp. Robert Davis, a partner in the Firehouse Grill, was shown two photographs depicting the ramp from the bottom in the parking lot looking up. Davis's testimony that, as photographed, the solid yellow line "looks to be" covering only the raised portions of the ramp does not create a genuine issue of material fact on the observability of the ramp's condition in person, in three dimensions, in color, and from the angle Vaughn actually had at the time of her fall.

{¶13} Similarly, testimony from Scott Tackett, Klekamp's president, regarding the photographs does not create a genuine issue of material fact on the alleged condition of the ramp. Tackett testified that he could not tell that one of the photographs depicted the ramp. He could not tell in three additional photographs whether any of the flat area of the parking lot was painted solid yellow, because the pictures were "washed out," and the photographs failed to show differences in the paint schemes from left to right.

{¶14} Our own review of the photographs reveals the want of concealment of the paint scheme. The yellow line painted on the parking lot surface toward the left side of the picture extends from the curb where the ramp attaches to the sidewalk at the top and extends outward into the parking lot beyond the end of the ramp. Where the parking line stops at the curb, the sloped surface of the ramp is markedly higher than the parking lot

5

surface, and at its highest point meets the elevation of the sidewalk, marking a clear distinction between the ramp surface and the parking lot surface.

{¶15}   Finally, Vaughn asserts that Eaton's affidavit, in which he opined that the ramp violated several provisions of the 2011 Ohio Building Code, creates a genuine issue of material fact as to the latent condition of the handicap ramp.  But the Ohio Supreme Court has affirmatively stated that violations of building code provisions do not prevent the assertion of the open-and-obvious defense.  *See Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, syllabus.  We have reviewed Eaton's affidavit and we cannot conclude it precludes summary judgment on the basis that the condition of the ramp was open and obvious.  Because reasonable minds could only conclude that the condition of the ramp was open and obvious, we overrule Vaughn's first assignment of error.

{¶16}   In her second assignment of error, Vaughn argues that the trial court erred by granting summary judgment to Klekamp, as an independent contractor, on the basis of the "once traversed doctrine" because the doctrine "seems" to be based upon the open-and-obvious doctrine, which does not apply to independent contractors.

{¶17}   Vaughn alleged that Klekamp had negligently designed, constructed, altered, and/or painted the handicap ramp prior to her fall. Klekamp presented an affidavit from Tackett that Klekamp had contracted with the Firehouse Grill to restripe the parking lot, which included repainting the handicap ramp just as it had been painted previously. Klekamp had then subcontracted that work to Crew One, which actually painted the ramp.

{¶18}   In her memorandum opposing summary judgment, Vaughn had argued that Klekamp had directed Crew One as to how to paint the ramp, and therefore, was liable for her injuries pursuant to *Simko v. Lee Homes*, 8th Dist. Cuyahoga No. 68372, 1995 WL

546922 (Sept. 14, 1995). Vaughn, however, presented no evidence that Klekamp had directed the means or the manner in which Crew One had painted the ramp. *See Simko* at *2, citing *Bond v. Howard Corp.*, 72 Ohio St.3d 332, 650 N.E.2d 416 (1995), syllabus. Klekamp presented uncontroverted evidence to the contrary—that it had not directed Crew One in its performance of that task. As a result, reasonable minds could only conclude that Klekamp owed no duty of care to Vaughn as a result of Crew One's work on the ramp. Thus, Klekamp was entitled to judgment as a matter of law on Vaughn's negligence claim.

{¶19}   We, therefore, overrule Vaughn's second assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, J.,** concurs.
**ZAYAS, J.,** concurs in part and dissents in part.

**ZAYAS, J.,** concurring in part and dissenting in part.

{¶20}   I agree that summary judgment was properly granted to Klekamp, but I cannot agree that Firehouse Grill was entitled to summary judgment.

{¶21}   I note that the ramp at issue in this case is not a typical rectangular handicap access ramp. Rather, it is wider at the top where it meets the curb, and tapers as it extends downwards to the level of the parking lot. The sides of the ramp are not sheer drops, but rather slopes. Due to the trapezoidal[1] shape of the walkway top, the sloping edges that lead to the flat parking lot pavement do not slope at a consistent angle, but rather, a different angle depending on where you encounter the sloping edge. The entire ramp, including the slopes, is painted yellow. Additionally, to the right of the ramp (looking from the top of the

---

[1] A "geometric figure with four sides but with only two sides parallel." Merriam-Webster, *Trapezoid*, https://www.merriam-webster.com/dictionary/trapezoid (accessed July 19, 2017).



ramp to the bottom), a portion of the parking lot pavement abutting the entire sloped edge is also painted yellow.

{¶22} On the right side (looking from the top of the ramp to the bottom) the yellow of the walkway top of the ramp bleeds into the slope, and then bleeds into the yellow on the flat parking lot adjacent to the right of the ramp. Vaughn's argument is that this paint scheme made the ramp seem wider than it was, which caused her to step from the ramp onto the slope, resulting in her fall.

{¶23} The majority states that there is a "clear distinction between the ramp surface and the parking lot surface," making any defect in the ramp's design "open and obvious." Upon review of the record, including the photographs, I do not believe that "reasonable minds could only conclude that the condition of the ramp was open and obvious." While I agree that Vaughn's own testimony of her subjective belief is not dispositive, and I further agree that Tackett's and Eaton's testimony is not dispositive, I believe that Davis's testimony supports the conclusion that a reasonable person may not have been able to discover the danger the ramp presented and protect against it.

{¶24} Davis testified that he had seen and was familiar with the area around the handicap access ramp. He testified that, other than refreshing the paint, the ramp and the paint scheme had not changed since the restaurant had opened. He testified that he was unaware of the paint scheme prior to the litigation, but did not notice anything about the ramp that seemed inconsistent. When asked if he examined the ramp after receiving notice of the claim, he answered, "I may have looked at it, but outside of that, no." After viewing the photographs, he testified that the ramp appeared to be rectangular, even though it is not. When he was also provided an opportunity to testify from his own recollection, he testified that the ramp was a rectangle.

**{¶25}** Given an opportunity to independently describe the ramp from his own recollection, he could not do so, nor could he accurately describe the ramp after viewing a photograph. This testimony supports the proposition that one's familiarity or prior experience with the ramp does not translate into knowledge of its potential defects. Mindful of our duty to view the facts in the light most favorable to the nonmoving party, *see Brandner v. Innovex, Inc.*, 2012-Ohio-462, 970 N.E.2d 1067, ¶ 13, 21 (1st Dist.), and Davis's and Vaughn's testimony, coupled with the photographic evidence, I do not believe that the evidence conclusively established that the ramp was an open and obvious hazard that "a customer exercising ordinary care under [the] circumstances would have seen and been able to guard him or herself against * * *." *See Kidder v. Kroger Co.*, 2d Dist. Montgomery No. 20405, 2004-Ohio-4261, ¶ 11, quoting *Youngerman v. Meijer, Inc.*, 2d Dist. Montgomery No. 15732, 1996 WL 531628, *9 (Sept. 20, 1996).

**{¶26}** I therefore respectfully dissent from the majority's decision to affirm the grant of summary judgment to Firehouse Grill.


Please note:

The court has recorded its own entry this date.