[Cite as *Washington v. Outrage, Inc.*, 2021-Ohio-2263.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GEOROME WASHINGTON,       :

    Plaintiff-Appellant,      :

                            No. 109825

    v.                     :

OUTRAGE, INC., DBA, GEPPETTO'S,   :

    Defendant-Appellee.      :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 1, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915497

### *Appearances:*

Tyrone E. Reed, *for appellant.*

McNeal Schick Archibald & Biro Co., L.P.A., Patrick J. Gump and Jesse M. Schmidt, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Georome Washington[1] ("Washington") appeals from the trial court's granting of summary judgment in favor of defendant-appellee

---

[1] According to the appellant's brief in this case, the appellant's name is Jerome Washington.

Outrage, Inc., d.b.a., Geppetto's ("Outrage") on Washington's negligence claim against Outrage. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On August 11, 2018, Washington was a patron at Geppetto's restaurant in South Euclid, Ohio. Geppetto's is operated by Outrage. Washington claimed that he suffered injuries and related expenses when the chair that he was sitting in broke, causing him to fall out of the chair.

{¶ 3} Washington was a regular customer at Geppetto's, visiting roughly twice weekly for approximately 30 years. One of Washington's weekly visits was usually for karaoke on Saturday nights, and this was the case on August 11, 2018. That night, Washington walked into the restaurant, greeted several friends, pulled out a chair, and within seconds of Washington sitting down, the chair broke. Washington remembered hitting his lower back, his elbow, the back of his neck, and the back of his head when he fell.

{¶ 4} After the fall, Daryl Koran ("Koran"), a Geppetto's employee, asked Washington if he was okay. Koran was familiar with Washington as a regular customer, but he had not seen the fall. According to Koran, Washington responded that he was fine. When Koran asked Washington if he wanted to go to the hospital, Washington declined and said "there's nothing wrong." After the fall, Washington remained at Geppetto's for an evening of karaoke.

{¶ 5} On May 16, 2019, as a result of this incident, Washington filed a complaint against Outrage. The complaint alleged that Outrage "was negligent and

reckless when it knew or should have known that allowing a broken chair to remain on the premises could result in [Washington] or other customers being injured." Further, the complaint alleged Outrage's negligence caused Washington pain and suffering. Washington sought a judgment against Outrage in excess of $25,000.

{¶ 6} The docket reflects a failure of service on Outrage on June 1, 2019. On July 31, 2019, Washington filed a motion for default judgment. On August 20, 2019, Outrage filed a brief in opposition to Washington's motion for default judgment, or in the alternative, motion for leave to file an answer instanter. This motion was unopposed and granted on September 3, 2019.

{¶ 7} The court also held a case management conference on September 3, 2019. In a corresponding journal entry, the court set a discovery deadline of December 3, 2019 and a dispositive motion deadline of March 15, 2020. The parties subsequently exchanged discovery.

{¶ 8} On March 2, 2020, Outrage filed a motion for summary judgment. On March 30, 2020, Washington filed a brief in opposition to Outrage's motion for summary judgment. On March 31, 2020, Washington filed a "notice of supplemental brief in opposition with exhibits." Washington attached three exhibits to this filing: Exhibit A, interrogatory answers; Exhibit B, an affidavit of Dynea L. Latrell; and Exhibit C, a photo of the broken chair. On April 1, 2020, Outrage filed a reply brief in support of its motion for summary judgment.

{¶ 9} On June 24, 2020, the trial court granted Outrage's motion for summary judgment, issuing the following journal entry:

Defendant's motion for summary judgment, filed 03/02/2020, is granted. Pursuant to Civ.R. 56(E), the court is unable to consider Exhibits A-C attached to plaintiff's supplemental brief and affidavit, filed 03/31/2020. Additionally, the court is unable to consider Exhibit B of plaintiff's supplemental brief and affidavit, the affidavit of Dynea Lewis Latrell, as the affidavit is of an improperly disclosed witness provided after the close of discovery. The court, having considered all of the evidence and having construed the evidence in a light most favorable to the non-moving party, determines that reasonable minds can come but to one conclusion, that there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law as plaintiff cannot prove that defendant breached a duty owed to plaintiff as defendant did not have actual or constructive notice of a defect.

It is from this decision that Washington appeals, presenting a single assignment of error for our review.

## Legal Analysis

{¶ 10} Washington's sole assignment of error is as follows:

A party must follow by the court's order and make a sincere effort to resolve discovery disputes and, if not resolved must then contact the court via conference call to discuss the disputed issues as directed, the trial court errs in granting the moving party's motion for summary judgment without reviewing the non-moving party's brief in [opposition] in the most favorable light.

Thus, Washington's argument on appeal challenges both the trial court's evidentiary decision not to consider the exhibits he filed on March 31, 2020, and the trial court's corresponding summary judgment decision.

## I. Evidentiary Decision

{¶ 11} The decision to admit or exclude evidence lies within the sound discretion of the trial court, and an appellate court will not disturb such a decision absent an abuse of discretion. *Taylor-Stephens v. Rite Aid of Ohio*, 8th Dist.

Cuyahoga No. 106324, 2018-Ohio-4714, ¶ 24, citing *State v. Gale*, 8th Dist. Cuyahoga No. 94872, 2011-Ohio-1236, ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Washington argues that Civ.R. 56(C) requires that a trial court thoroughly examine appropriate materials filed by the parties before ruling on a motion for summary judgment. Further, Civ.R. 56(E) permits the court to allow affidavits to be supplemented or opposed by further affidavits. Washington argues that by declining to consider the exhibits attached to his March 31 filing, the trial court failed to carry out its mandatory duty under Civ.R. 56. We disagree.

{¶ 13} With respect to Exhibit A, Washington submitted various responses to interrogatories, as well as what appear to be medical records. Civ.R. 56(E) provides:

> Form of affidavits; further testimony; defense required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Further, Ohio case law is clear that "documents submitted in opposition to a motion for summary judgment must be sworn, certified, or authenticated by affidavit to be considered by the trial court in determining whether a genuine issue of material fact exists for trial." *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 23, citing *Rilley v. Brimfield*, 11th Dist. Portage No. 2009-P-0036, 2010-Ohio-5181, ¶ 66. Exhibit A was submitted without the required sworn verification from Washington. To the extent that Exhibit A also includes a narrative report from a medical professional who treated Washington, this was also not properly sworn as required by Civ.R. 56(E). Therefore, the court did not abuse its discretion in declining to consider Exhibit A.

{¶ 14} Exhibit B is an affidavit executed by Dynea Lewis Latrell on March 30, 2020. In an earlier response to an interrogatory, Washington identified "Dee Lewis" as a witness to the event. Washington's response also stated that he would provide an address for this witness, but nothing in the record indicates that he did so. On appeal, Washington argues Latrell, who was married in the months between the interrogatory response and the affidavit were submitted, used her married name on the affidavit. This does not change the fact that prior to submitting the affidavit, Washington had not provided Outrage with the witness's legal name or accurate contact information. Her first name was listed as "Dee" rather than "Dynea," Lewis is a fairly common last name, and Outrage had no other means of identifying or contacting her. Thus, Washington had not identified this witness with her proper legal name until approximately four months after the trial court's discovery

deadline. Therefore, the court did not abuse its discretion in declining to consider Exhibit B.

{¶ 15} With respect to Exhibit C, which Washington claims is a photo of the broken chair, we note that the image as it appears in our record is almost entirely black. It is not clear that the image depicts a chair, let alone a broken chair. Therefore, this exhibit is irrelevant to the trial court's summary judgment determination.

{¶ 16} In light of the foregoing, we cannot conclude that the trial court's decision not to consider these exhibits was unreasonable, arbitrary, or unconscionable.

## II. Summary Judgment

{¶ 17} We review a trial court's summary judgment decision de novo, applying the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C).

{¶ 18} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d

264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 19} To prevail on a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting from that breach. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 472 N.E.2d 707 (1984). "The scope of the duty owed by a landowner is dependent upon the status of the person who enters upon the land, i.e., whether he is a trespasser, licensee, or invitee." *Skowronski v. Waterford Crossing Homeowners' Assn.*, 8th Dist. Cuyahoga No. 96144, 2011-Ohio-3693, ¶ 11, citing *Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 644 N.E.2d 291.

{¶ 20} Here, neither party disputes that Washington was an invitee at Geppetto's. "It is well-settled that a landowner owes an invitee the duty to exercise ordinary and reasonable care, which includes keeping the premises in a reasonably safe condition and warning the invitee of latent or concealed defects of which the landowner has or should have knowledge." *Caldwell v. Greek Corp.*, 6th Dist. Lucas No. L-96-397, 1997 Ohio App. LEXIS 4184, 5 (Sept. 19, 1997), citing *Scheibel v. Lipton* 156 Ohio St. 308, 323, 102 N.E.2d 453 (1951). This duty is predicated on a superior knowledge of the dangers of the premises. *Id.*, citing *Debie v. Cochran*

*Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38, 40, 227 N.E.2d 603 (1967). Therefore, "where negligence revolves around the question of the existence of a hazard or defect, [that the landowner had] notice, either actual or constructive of such hazard or defect, is a prerequisite to the duty of reasonable care." *Id.*, citing *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984).

{¶ 21} Thus, the issue we must resolve is whether Outrage had actual or constructive notice of the defect. If Outrage did not have actual or constructive notice of the defect — the allegedly damaged chair — it had no duty to warn Washington. Generally, notice that is communicated directly to or received by a responsible party constitutes actual notice. *Silverman v. Cleveland*, 8th Dist. Cuyahoga No. 109549, 2021-Ohio-688, ¶ 17, citing *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 12, and *Cleveland v. Amato*, 123 Ohio St. 575, 577, 176 N.E. 227 (1931). A person has constructive notice of a defect when the defect existed for such a period of time that it would have been discovered in the exercise of reasonable care. *Todd v. Cleveland*, 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101, ¶ 24, citing *Bello v. Cleveland*, 106 Ohio St. 94, 100, 138 N.E. 526 (1922).

{¶ 22} Washington argues that the chair in question was missing at least one rung before it collapsed under him. Further, Koran stated that restaurant staff pulled the chairs out nightly to sweep and mop, claiming that "if there was something wrong with the chair, it would have been noticed and addressed to me."

Thus, Washington argues that Geppetto's should have known of the defect in the chair. We disagree.

{¶ 23} The evidence Washington submitted to support his argument that the chair was broken includes an unclear photograph and an affidavit from a witness that, as described above, violated both Civ.R. 56(E) and the court's discovery cut-off. Further, with respect to the photograph, it is unclear how a photograph allegedly showing a broken chair, taken *after* the chair collapsed beneath Washington, would support Washington's argument that Outrage had actual or constructive notice of the defect. It is particularly unclear in the context of constructive notice, which requires evidence that the condition existed for "such a length of time that the owner or [its] agent's failure to warn against it or remove it resulted from their failure to exercise ordinary care." *Jenkins* at ¶ 12, quoting *Presley v. Norwood*, 36 Ohio St.2d 29, 31-32, 303 N.E.2d 81 (1973).

{¶ 24} Outrage presented uncontested evidence that restaurant employees checked the chairs daily. Washington also stated in his deposition that in his many visits to the restaurant over the course of 30 years, he had never seen a chair collapse as it did beneath him. Following our thorough review of the record, we conclude that the record failed to establish a genuine issue of material fact that Outrage knew or should have known of a problem with the chair prior to its collapse beneath Washington.

{¶ 25} Because there is no genuine issue of material fact as to Washington's negligence claim against Outrage, and Outrage is entitled to judgment as a matter

of law, the trial court's granting of summary judgment in favor of Outrage was proper.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR