[Cite as *Humble v. Boneyard Westlake, L.L.C.*, 2016-Ohio-8149.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104348

---

## JEFFREY HUMBLE

### PLAINTIFF-APPELLANT

vs.

## BONEYARD WESTLAKE, L.L.C.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-841439

**BEFORE:**  Blackmon, J., E.A. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**  December 15, 2016

-i-

**ATTORNEY FOR APPELLANT**

Denise M. Demmitt
Demmitt & Co., L.L.C.
1836 W. 25th St., Suite 2A
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

James T. Tyminski
Abigail A. Greiner
Gallagher Sharp L.L.P.
Bulkley Building, 6th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

**{¶1}** Jeffrey Humble ("Humble") appeals the trial court's granting summary judgment to Boneyard Westlake, L.L.C. ("Boneyard") in this negligence case and assigns the following errors for our review:

> I. The trial court erred as a matter of law by failing to identify the existence of genuine issues of material fact in dispute, as were posited by the Plaintiff.
>
> II. The trial court erred as a matter of law by failing to construe evidence in a light most favorable to the non-moving party.
>
> III. The trial court erred as a matter of law by misapplying and misconstruing case law.

**{¶2}** Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

**{¶3}** On November 25, 2012, Humble attended an event held in Boneyard's party room to watch a Cleveland Browns football game. Boneyard's party room is set off to the right of the main dining room and elevated by two steps.[1] Upon arriving at Boneyard, Humble went up the two steps and entered the party room without incident. During halftime of the football game, Humble got up from his seat to use the restroom, which is located in the main dining room. However, when exiting the party room,

---

[1]According to Humble's deposition testimony, there is the floor of the main dining area, one step, and the floor of the party room. In other words, there is one riser, but two "steps" must be taken to get from one area to the other.

Humble missed the steps and fell to the ground, sustaining multiple fractures to his right leg. According to Humble, he did not see the steps, because a crowd of people was blocking his view.

{¶4} Humble filed suit against Boneyard alleging negligence and negligence per se. On March 16, 2016, the court granted Boneyard's motion for summary judgment on both claims. It is from this order that Humble appeals.

## Summary Judgment

{¶5} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## Negligence and Premises Liability

{¶6} "To establish actionable negligence, one must show * * * the existence of a duty, a breach of that duty and injury resulting proximately therefrom." *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). The duty that a landowner owes to an invitee is "to exercise ordinary care for the invitee's safety and protection." *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 317, 662 N.E.2d 287 (1996). There is no question that in a premises liability case, such as the case at hand, a patron of a bar or restaurant is considered a business invitee. *See, e.g., Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).

## Open-and-Obvious Exception

**{¶7}** There are exceptions to a business owner's duty to exercise ordinary care. For example, under the open-and-obvious doctrine, "a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). When applying the open-and-obvious doctrine, courts use "an objectively-reasonable-person standard of what the plaintiff should have known * * *." *Bumgardner v. Wal-Mart Stores*, 2d Dist. Miami No. 2002-CA-11, 2002-Ohio-6856, ¶ 18.

**{¶8}** The open-and-obvious doctrine may be defeated, however, if "attendant circumstances" existed. Attendant circumstances are typically distractions that would draw a person's attention away from the open and obvious danger, thus reducing the degree of ordinary care that person may exercise at the time. *See Johnson v. Regal Cinemas, Inc.*, 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761. "'Attendant circumstances' refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the

normal risk of a harmful result of the event." *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 20.

{¶9} Ohio courts have held that "a plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff. The breadth of the attendant circumstances exception does not encompass the common or the ordinary." *Cooper v. Meijer Stores L.P.*, 10th Dist. Franklin No. 07AP201, 2007-Ohio-6086, ¶ 17.

{¶10} Furthermore, "[w]here only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law." *Klauss* at ¶ 18. "However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine." *Id.*

## Analysis

{¶11} In the case at hand, Humble's three assigned errors allege that the court improperly granted summary judgment in favor of Boneyard on Humble's negligence claim. It does not appear that Humble is appealing the court's granting summary judgment on his negligence per se claim. Accordingly, we will review Humble's assigned errors together.

**{¶12}** Humble's first argument is that there are genuine issues of material fact regarding whether "overcrowding" triggered the attendant circumstances exception to the open-and-obvious doctrine.[2]   Specifically, Humble argues that

> [t]he dangers surrounding the stairs changed from the time Mr. Humble entered the party room that day to the time he attempted to use the restroom.   Mr. Humble knew the steps were there, but overcrowding by [Boneyard's] patrons did not allow him to appreciate where those stairs were in relation to where he sought egress.

**{¶13}** Humble alleges in his complaint that the number of people in the party room violated the occupancy permit.   However, Humble offers no evidence to support this allegation other than testimony that the Boneyard was generally crowded.   Humble testified in deposition that he "did not see the step because there were people standing right, you know, right in front of the step."   Additionally, Humble stated in his affidavit that "there were approximately 50 people sitting and standing around the party room. * * * [T]here was a wall of people standing in front of the steps out of the party room at the time that I attempted to leave to use the restroom [and] I could not see the step because of all the people standing in front of the party room steps."

---

[2]Humble argues that "a combination of poor lighting [and] similarly colored stairs to the surrounding floor" is evidence that Boneyard "did negligently conceal the conditions of the stairs." However, Ohio courts have "consistently held that dimly lit steps and uniform color between a step and the floor do not render steps unreasonably dangerous, but rather present an open and obvious danger of which the person traversing the steps should be aware." *McDonald v. Marbella Restaurant*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 39.   Therefore, we limit our review to Humble's argument that the crowd amounted to an attended circumstance.

{¶14} Humble also offered the deposition of another Boneyard patron who stated that she was in the party room with Humble on the day in question. "[T]here was a large number of people standing in the party room, in front of the steps, blocking the view of them, [and] I was unable to see where the steps were due to aforementioned people * * *."

{¶15} Our review of the record shows that Humble did not offer into evidence the certificate of occupancy mentioned in his briefing nor any other evidence concerning the maximum number of people allowed in the party room. In other words, Humble presented evidence that the Boneyard was crowded during halftime of a Browns game. However, "this court has consistently held that the presence of a crowd in and of itself does not present issues of fact that necessitate resolution through trial." *Hammond v. Cleveland*, 8th Dist. Cuyahoga No. 97174, 2012-Ohio-494, ¶ 17.

{¶16} Furthermore, Boneyard does not necessarily dispute Humble's claim that the establishment, including the party room, was crowded on the day in question. Rather, Boneyard argues that Humble failed to show that the crowd was an attendant circumstance that distracted Humble from the steps that he successfully navigated earlier that day. This court has found that the plaintiff "failed to put forth sufficient evidence to create a question of fact as to whether [defendant] breached a duty owed to her as an invitee" when the facts showed that "only one and one-half hours prior to her fall, [plaintiff] had walked over the same 'hump' on her way to the stairs without incident." *Provateare v. Hausman Co.*, 8th Dist. Cuyahoga No. 74061, 1999 Ohio App. LEXIS

1951 (Apr. 29, 1999). *See also Raflo v. Losantiville Country Club*, 34 Ohio St.2d 1, 4, 295 N.E.2d 202 (1973) ("one traversing such a defect upon entering a building cannot take the position that it was at that time so insubstantial as to go unnoticed, but became unreasonably dangerous, hence actionable, when injuries were occasioned by it upon exiting shortly thereafter").

{¶17} The facts of the case at hand are similar to the facts in *Cottrell v. El Castillo Grande Mexican Restaurant*, 9th Dist. Lorain No. 09CA009624, 2010-Ohio-815. In that case, the plaintiff entered a restaurant using the steps with no issue, then claimed "the crowd created an attendant circumstance which distracted him and reduced the amount of care he was able to exercise" when he descended the steps and fell. The court rejected plaintiff's argument, finding that his testimony "reveals that he was being more careful while descending the steps * * * in an attempt to steady himself while walking through the crowd." *Id*. at ¶ 12. Additionally, "this court has declined to extend the [attendant circumstances] exception to apply to cases in which the circumstances should have led the plaintiff to exercise *heightened* care for his personal safety." (Emphasis sic.) *Bonner v. Marc Glassman*, Inc., 8th Dist. Cuyahoga No. 96924, 2012-Ohio-86, ¶ 31.

{¶18} In reviewing the evidence that Boneyard's party room was crowded at the time in question, we cannot say that there is sufficient disagreement regarding whether this amounts to an attendant circumstance that requires submission to a jury. Rather, we determine, as a matter of law, that the stairs were an open and obvious danger of which Humble was aware.

{¶19} Humble's second argument that the trial court erred by granting summary judgment is that by violating Ohio Administrative Code 4101:1-10-01 (1003.5, exception 2), the Boneyard was necessarily negligent. The Ohio Supreme Court has held that "the violation of an administrative rule does not constitute negligence per se; however, such a violation of an administrative rule may be admissible as evidence of negligence." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 568, 697 N.E.2d 198 (1998). Furthermore, "the open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code." *Lang v. Holly Hill Motel, Inc.,* 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 24.

{¶20} Ohio Administrative Code 4101:1-10-01 (1003.5, exception 2) states that a "stair with a single riser or with two risers and a tread is permitted * * * provided that * * * at least one handrail * * * is provided within 30 inches of the centerline of the normal path of egress travel on the stair." Humble's argument concerning this section of the Administrative Code is that, because the court granted summary judgment "without a full opinion," the alleged violation of this code section must not have been considered by the court. Specifically, Humble argues that "if the Trial Court had a basis for disregarding the distinguishing facts at issue, it should have opined as such in its Journal Entry."

{¶21} Humble's second argument lacks merit. The trial court's journal entry states that "defendant is entitled to judgment as a matter of law as the underlying condition was open and obvious." Furthermore, pursuant to Civ.R. 52 "[f]indings of

fact and conclusions of law * * * are unnecessary upon * * * motions including those pursuant to * * * Civ.R. 56."

{¶22} Accordingly, construing the facts in a light most favorable to Humble, as we must, we find that there are no genuine issues of material fact, and Boneyard is entitled to judgment as a matter of law. Humble's assigned errors are overruled and the court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR