[Cite as *Naso v. Victorian Tudor Inn, L.L.C.*, 2022-Ohio-1065.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

TRUDIE NASO,                                    :

    Plaintiff-Appellant,              :

                                    No. 110652

    v.                                            :

VICTORIAN TUDOR INN, L.L.C.,          :
ET AL.,

    Defendants-Appellees.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-937568

---

### *Appearances:*

Paulozzi Co. LPA, Todd O. Rosenberg, and Amy L. Higgins, *for appellant.*

Ritzler, Coughlin & Paglia, Ltd., and Thomas M. Coughlin, Jr., *for appellees.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Trudie Naso ("Naso"), appeals from the trial court's judgment granting the motion for summary judgment of defendants-appellees, The Victorian Tudor Inn, L.L.C. (the "Inn"), and Richard Stegman

("Stegman") (collectively "appellees") in her action for personal injuries resulting from her unfortunate fall down a flight of stairs at the Inn. Finding no merit to the appeal, we affirm.

## I.  Background

{¶ 2}  Stegman is the owner of the Inn, which is located in Bellevue, Ohio. He is a certified antiques appraiser and takes pride in displaying antiques throughout the Inn.

{¶ 3}  Naso and her daughter checked in at the Inn around noon on May 28, 2018.  Stegman gave Naso and her daughter a tour of their room, the kitchen area of the Inn, and the porch.  When Naso's daughter went back to their room to retrieve her credit card, Stegman suggested to Naso that she make herself comfortable and take a look around.  Naso, who was wearing glasses and flat shoes, did so.

{¶ 4}  Naso testified in her deposition that she walked around the living room of the Inn for three to five minutes as she looked at the décor on the walls and counters.  She said she "didn't know where to look first because [she] was overwhelmed and distracted by all the things he had." (Tr. 15.)  She said she then "saw this wall, there were like cups and other things, and I walked over to where the cups were.  The cups and saucer." *Id*.  Continuing, Naso testified:

> And I was looking at the cup and saucer and I wanted to look at everything on that shelf, but again [I was] confused and overwhelmed and distracted by so, so much.  So I just concentrated on that little cup that I was looking at.  I collect cups and saucers, that's why I was drawn there.

And then I thought — I looked at that cup, and then I was — I wanted to see what else was on that shelf, and I just sideways thinking I'm in a hallway, I walked, and that's when I fell.

*Id*. at 15-16.

{¶ 5} Naso filed suit against the Inn and Stegman for negligence, alleging they were negligent in designing and maintaining the premises and in failing to warn her about the stairs. The trial court subsequently granted appellees' motion for summary judgment; Naso now appeals from this judgment.

## II. Law and Analysis

{¶ 6} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only a conclusion that is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 7} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The burden then shifts to the nonmoving party to provide evidence showing a genuine issue of material fact does exist. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The

nonmoving party may not rely on its pleadings, but must produce some evidence in support of its claim. *Id.*

{¶ 8} To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). "'If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989), quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, at 53-54 (1986).

{¶ 9} The status of a person who enters another's property defines the scope of the legal duty owed to that person. *Gladon v. Greater Cleveland Regional Transit Auth.,* 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). It is undisputed that Naso was a business invitee of appellees.[1] Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including warning them of latent or hidden dangers so as to avoid unnecessarily and unreasonably exposing them to risk of harm. *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 355 (1978).

{¶ 10} Nevertheless, it is well settled that a property owner is under no duty to protect a business invitee against dangers that are known to the invitee or are so open and obvious to the invitee that she may reasonably be expected discover them

---

[1] A business invitee is one who is upon the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner. *Lawrence v. Moore*, 8th Dist. Cuyahoga No. 60505, 1991 Ohio App. LEXIS 2766, 3 (June 13, 1991).

and protect herself against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus. The rationale underlying the doctrine is that an open-and-obvious danger serves as its own warning. *Early v. Damon's Restaurant*, 10th Dist. Franklin No. 05AP-1342, 2006-Ohio-3311, ¶ 7.

{¶ 11} The open-and-obvious doctrine focuses on the nature of the dangerous condition itself, rather than the plaintiff's conduct in encountering it. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. "[T]he question is whether, under an objective standard, the danger would have been discernible to a reasonable person." *Smith v. Wal-Mart Stores, Inc.*, 4th Dist. Ross No. 18CS3661, 2019-Ohio-2425, ¶ 14, citing *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 06CA18, 2007-Ohio-3898, ¶ 25.

{¶ 12} Open-and-obvious dangers are those that are not hidden, concealed from view, or undiscoverable upon ordinary inspection. *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10. "A person does not need to observe the dangerous condition for it to be an open and obvious condition under the law; rather, the determinative issue is whether the condition is observable." *Early* at ¶ 8, citing *Lydic* at *id*. Even in cases where the plaintiff did not actually notice the condition until after she fell, courts have found no duty where the plaintiff could have seen the condition had she looked. *Early* at *id*.; *Haymond v. BP Am.*, 8th Dist. Cuyahoga No. 86733, 2006-Ohio-2732, ¶ 16 (even where invitee does not see the danger until after she falls, there is no duty if the invitee could have seen the danger if she had looked).

{¶ 13} Whether a duty exists is a question of law for the court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). The issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to decide. *Klauss v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 17. Where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. *Id.* However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine. *Id.*, citing *Carpenter v. Marc Glassman, Inc.*, 124 Ohio App.3d 236, 240, 705 N.E.2d 1281 (8th Dist.1997).

{¶ 14} The trial court granted summary judgment in favor of appellees on the basis that the stairway was an open-and-obvious danger as a matter of law and, therefore, appellees had no duty to Naso.

{¶ 15} In her first assignment of error, Naso contends there is a genuine issue of material fact regarding the open-and-obvious nature of the stairs because (1) the stairs were partially hidden and thus cannot be considered open and obvious; (2) she had no reasonable opportunity to see the stairs before she fell; (3) she had no expectation of encountering stairs where she fell; and (4) she had no duty to "look down at all times" in order to see the stairs. In her second assignment of error, she contends there were attendant circumstances that distracted her attention before she fell. Accordingly, she contends the trial court erred in granting summary judgment to appellees. We disagree.

{¶ 16} Pictures of the living room at the Inn attached to Naso's brief in opposition to appellees' motion for summary judgment demonstrate that the stairs are located at the back of the living room and surrounded on two sides by a half-wall. There is a landing at the top of the stairs. Although Naso contends that the stairwell was partially hidden by the half-wall, the pictures demonstrate that rather than hiding the staircase, the half-wall both announces the presence of the stairs and acts as a guardrail. To descend the stairs, which lead to the basement, one would have to walk around the low half-wall and the post at the end of the half-wall, and then walk several feet on the stairway landing to reach the first stair step.

{¶ 17} *Hill v. Mullins*, 88 N.E.3d 575, 2017-Ohio-1302 (2d Dist.), which Naso cites as support for her contention that "partially hidden staircases are not open and obvious," is not on point. In *Hill*, the plaintiff fell into an unguarded hole above the stairs to the basement as she walked in a home that was being remodeled. The appellate court reversed the trial court's grant of summary judgment to the homeowner because it found that the plaintiff and the homeowner presented conflicting deposition testimony regarding the direction from which the plaintiff approached the hole, which affected whether she could have seen it. *Id*. at 28. The court found that if, as the plaintiff testified, she approached the hole from a direction in which her view of the hole would have been obscured by a wall "virtually until she stepped into it," summary judgment was not warranted based upon a finding that the hole was open and obvious. *Id*. Thus, *Hill* stands for the proposition that

summary judgment should not be granted where there are factual disputes that affect the open-and-obvious determination.

{¶ 18} The other cases that Naso cites to support her contention that staircases surrounded by a half-wall are not open and obvious are similarly not on point because none make any mention of a half-wall surrounding a staircase. Moreover, all of the cases involve plaintiffs who fell down staircases because the lighting was dim or entirely dark. That is not the situation here. Although the parties dispute whether the lights were on in the living room when Naso fell, Naso acknowledged that the light coming through the windows was bright enough for her to see the antiques in the room without issue and, thus, presumably the stairs. (Tr. 16-17.)

{¶ 19} Furthermore, Naso testified that "of course" she could have seen the stairs if she had looked. (Tr. 24.) As this court has observed, "[t]he benchmark for the court is not whether the person saw the object or danger, but whether the object or danger was observable." *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2019-Ohio-2440, 139 N.E.23d 491, ¶ 16 (8th Dist.). Naso's admission demonstrates that the stairs were open and obvious and discoverable by ordinary inspection. Indeed, the undisputed evidence established that of the approximately 20,000 guests who have stayed at the Inn since Stegman purchased it in 2008, no one other than Naso has fallen down the stairs.

{¶ 20} Naso's assertion that she did not have a reasonable opportunity to observe the stairs because she "fell down the stairs immediately after turning the

corner" contradicts her deposition testimony, in which she testified that she spent three to five minutes in the living room prior to her fall, and that she stood at the top of the stairs while she picked up, examined, and set down a teacup after turning the corner of the half-wall. (Tr. 18, 48-49.) The cases cited by Naso to support her argument that she did not have a reasonable opportunity to observe the stairs all involve situations where a person encountered a hazard *immediately* upon opening a door, turning a corner, or entering a building. That is not what happened here, as demonstrated by Naso's deposition testimony.

{¶ 21} Similarly, Naso's assertion that the stairs were not open and obvious because she "had no expectation of steps around the corner" of the wall is also without merit. In *Hopkins*, this court acknowledged that in determining whether a hazard is open and obvious, some courts may consider whether the plaintiff had a sufficient advance opportunity to perceive the hazard before encountering it and whether a reasonable person would have some expectation of encountering such a hazard. *Hopkins*, 2019-Ohio-2440, 139 N.E.23d 491, at ¶ 21. Nevertheless, the *Hopkins* Court made clear that the main inquiry is whether the hazard was observable to a reasonable person.

> The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id*. Instead, the trial court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious. *Cintron-Colon v. Save-A-Lot*, 8th Dist. Cuyahoga No. 100971, 2014-Ohio-4574, ¶ 9. If so, even if the individual does not actually notice the open-and-obvious condition until after the fall, no

duty exists if the individual could have observed the condition had they only looked.

*Id*. at ¶ 46.

{¶ 22} Naso testified that although she was not aware of the stairs before she fell, the stairs were observable and that she could have seen them if she had only been looking. Naso's testimony demonstrates, as the trial court found, that "given the circumstances in this case, reasonable minds could only conclude that an invitee exercising ordinary care would have seen and been able to guard herself against the hazard presented by the stairwell."

{¶ 23} Finally, Naso's contention that she does not have a duty "to look down at all times" in order to see a hazard is irrelevant to a determination of whether the stairs at the Inn were open and obvious. The key consideration is not whether Naso saw the stairs before she fell but whether the stairs were observable. *Hopkins*, 2019-Ohio-2440, 139 N.E.23d 491, at ¶ 16. As discussed above, Naso admitted that the stairs were observable, an admission that demonstrates the stairs were open and obvious.

{¶ 24} Nevertheless, Naso contends that attendant circumstances — specifically, the "overwhelming" number of antiques and pictures throughout the room and the many items displayed on a cabinet at the top of the steps — distracted her attention from discovering the steps. The presence of attendant circumstances may create an issue of fact as to whether a danger is open and obvious, even where a plaintiff admits she never looked down. *Humble v. Boneyard Westlake, L.L.C.*,

8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 8; *Cooper v. Meijer Stores, L.P.*, 10th Dist. Franklin No. 07 AP-201, 2007-Ohio-6086, ¶ 14.

{¶ 25} "Although there is no precise definition of 'attendant circumstances,' they generally include any distractions that would come to the attention of an invitee in the same circumstance and reduce the degree of care an ordinary person would exercise at the time." *Carter v. Miles Supermarket*, 8th Dist. Cuyahoga No. 95024, 2010-Ohio-6365, ¶ 18, citing *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist.1996).

{¶ 26} For attendant circumstances to negate the application of the open-and-obvious doctrine, "they must not only be present, but must create 'a greater than normal, and hence substantial, risk of injury.'" *Hill*, 2017-Ohio-1302, 88 N.E.3d 575, at ¶ 17, quoting *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2d Dist.1994). "The attendant circumstances must, taken together, divert the attention of the person, significantly enhance the danger of the defect, and contribute to the injury." *Id*. "A plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff." *Humble*, 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, at ¶ 9, quoting *Cooper* at ¶ 17.

{¶ 27} Finally, attendant circumstances do not include the individual's activity at the time of the fall "unless the individual's attention was diverted by an unusual circumstance of the property owner's making and is beyond the control of the injured party." *McDonald v. Marbella Rest.*, 8th Dist. Cuyahoga No. 89810,

2008-Ohio-3667, ¶ 29. Nor do an individual's "particular sensibilities" play a role in determining whether attendant circumstances made the individual unable to appreciate the open-and-obvious nature of the danger. *Smith,* 4th Dist. Ross No. 18CA3661, 2019-Ohio-2425, at ¶ 15.

{¶ 28} Despite her claim that the many antiques displayed throughout the living room of the Inn distracted her attention, Naso failed to point to anything about the displays that would distinguish them from what would normally be encountered in historical inns where antiques are routinely displayed, or even from what the approximately 20,000 other visitors to the Inn who did not fall encountered during their stays at the Inn. "A plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that actually confronted the plaintiff." *Cooper,* 10th Dist. Franklin No. 07 AP-201, 2007-Ohio-6086, at ¶ 17. *See, e.g, McGuire v. Sears, Roebuck & Co.,* 118 Ohio App.3d 494, 500, 693 N.E.2d 807 (1st Dist.1996) (displays in store were not attendant circumstances where plaintiff was unable to point to anything about the displays that would distinguish them from displays regularly encountered in a retail setting).

{¶ 29} Even viewing her testimony in the light most favorable to her, Naso did not describe a situation where an ordinary visitor to the Inn would be distracted from seeing the stairs. The antiques displayed throughout the living room of the Inn are commonplace in historical inns. Without more, they do not create an attendant

circumstance that would reduce the degree of care an ordinary person would exercise.

{¶ 30} Furthermore, there is nothing in the record to show that Naso's actions were beyond her control. Prior to her fall, she had walked through several rooms of the Inn, all of which had antiques on display, and she spent three to five minutes in the living room of the Inn before she fell. She was aware of the antiques displayed throughout the Inn but chose to peruse them while not paying attention to where she was walking.

{¶ 31} Because Naso admitted that she could have seen the stairs had she only looked, and there were no attendant circumstances to negate the application of the open-and-obvious doctrine, the trial court properly granted summary judgment to appellees. The two assignments of error are overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR