[Cite as *Stepp v. Getgo Gas & Grocery*, 2012-Ohio-5184.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98325**

## BRENDA STEPP

PLAINTIFF-APPELLANT

vs.

## GETGO GAS AND GROCERY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-760733

**BEFORE:** Stewart, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANT**

Anthony D. Jordan
420 Lakeside Place
323 Lakeside Avenue, West
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEES**

Roger H. Williams
Ian R. Luschin
Williams, Moliterno & Scully Co., LPA
2241 Pinnacle Parkway
Twinsburg, OH    44087

MELODY J. STEWART, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Plaintiff Brenda Stepp brought this complaint against defendant Getgo Gas and Grocery, claiming that she suffered injuries after slipping on a large pool of water in the aisle of a Getgo convenience store. The court granted summary judgment to Getgo, holding that Stepp offered nothing more than speculation that Getgo employees knew of a hazard and thus failed to show that Getgo employees had actual or constructive knowledge of a dangerous condition.

{¶2} The parties agree that Stepp was a business invitee and that Getgo owed her a duty of ordinary care to maintain the business premises in a reasonably safe condition so its invitees were not unnecessarily and unreasonably exposed to danger. *Campbell v. Hughes Provision Co.*, 153 Ohio St. 9, 90 N.E.2d 694 (1950), paragraph one of the syllabus. The Getgo employees staffing the convenience store denied any actual knowledge of water on the floor of the convenience store, so Stepp had to show that Getgo had constructive notice of water on the floor. To make a showing that Getgo had constructive knowledge of a hazard, Stepp was required to provide evidence as to the length of time the hazard existed to create an inference that the failure to warn against it or remove it was a breach of ordinary care. *Presley v. Norwood*, 36 Ohio St.2d 29, 32, 303 N.E.2d 81 (1973).

{¶3} To prove that Getgo should have been aware of the water, Stepp offered an affidavit stating that she slipped and fell in a "huge pool of water." In fact, she claimed there was so much water, that as she lay on the floor she became "utterly soaking wet unto my skin" and that she "never expected the floor to be soaking wet" because it was a warm, dry day.

{¶4} We agree with the court that Stepp failed to create a triable issue of fact on whether Getgo had constructive notice of the water that allegedly caused her to slip and fall. Although a plaintiff can create an inference that a business owner had constructive notice of a hazard by showing the length of time that a hazard existed, the plaintiff must come forward with evidence, not speculation, to support the inference. *Barnes v. Univ. Hosps. of Cleveland*, 8th Dist. No. 66799, 1994 Ohio App. LEXIS 3231 (July 21, 1994); *Calabrese v. Romano's Macaroni Grill*, 8th Dist. No. 94385, 2011-Ohio-451, ¶ 19.

{¶5} Stepp admittedly did not know how the water that allegedly caused her fall came to be on the floor. Nor did she have any witnesses who could identify the source of the water. This left her to argue that Getgo had reason to know that there was water in the aisle where she fell because the amount of water on the floor indicated that it had been on the floor for a long period of time. This conclusion is speculation — a mere opinion that does not constitute probative evidence. *Aufrance v. Columbia Gas of Ohio, Inc.*, 3d Dist. No. 5-88-2, 1990 Ohio App. LEXIS 1239 (Mar. 30, 1990); *Merritt v. Big D & Lulu, Inc.*, 1st Dist. No. C-090056, 2009-Ohio-5972, ¶ 11. Indeed, throughout this litigation, Stepp's description of the amount of water on the floor grew in ever-increasing terms: in

her complaint, she alleged that she "slipped and fell on water"; in deposition, she testified that there was a "puddle" of water that caused the bottom of her skirt to get wet; in her affidavit filed in support of her brief in opposition to summary judgment, Stepp characterized the water as a "huge pool" that left her "utterly soaking wet unto my skin"; and in her appellate brief, she resorted to pure hyperbole to argue that "[s]hoppers do not expect to encounter a swimming pool when the [sic] go pay for gas."

**{¶6}** Absent evidence showing the source of the water, it would be speculation to say that the amount of water on the floor was sufficiently large that Getgo should have been aware of the water on the floor. Reasonable minds could not differ on whether Getgo had constructive notice of the water that allegedly caused Stepp to slip and fall. The court did not err by granting summary judgment.

**{¶7}** Judgment affirmed.

It is ordered that appellees recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR