[Cite as *Cintron-Colon v. Save-A-Lot*, 2014-Ohio-4574.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100917**

## MARIA CINTRON-COLON

PLAINTIFF-APPELLANT

vs.

## SAVE-A-LOT, ET AL.

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-13-800654

**BEFORE:**   E.A. Gallagher, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   October 16, 2014

**ATTORNEY FOR APPELLANT**

Thomas Silk
Mark J. Obral & Associates
The Standard Building, Suite 1520
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Michelle J. Sheehan
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Maria Cintron-Colon ("appellant") appeals the trial court's grant of summary judgment in favor of the appellee, Moran Foods, Inc., d.b.a. Save-A-Lot ("Save-A-Lot") on negligence claims resulting from a slip and fall accident at a Save-A-Lot grocery store. Appellant argues that genuine issue of material fact exist that preclude the granting of the motion for summary judgment. For the following reasons, we affirm the decision of the trial court.

{¶2} On September 10, 2009, Save-A-Lot employee Jose Martinez swept the store floor at approximately 4:10 p.m. and, during that sweep, did not see or learn of any substances on the floor. Thirty minutes later, appellant entered the Save-A-Lot grocery store and, with a shopping cart, walked to a display and picked up a 20-pound bag of rice. As she walked back to her shopping cart, she slipped on a puddle of bright yellow liquid and fell. The appellant sprained her wrists and strained her back.

{¶3} Appellant filed a complaint against Save-A-Lot claiming negligent maintenance of the premises and/or failure to correct and/or warn of a dangerous condition that they knew, or should have known, existed on the property. Save-A-Lot responded, and filed a motion for summary judgment asserting that the appellant's injuries resulted from an open and obvious condition. Further, Save-A-Lot asserted that there was no evidence showing Save-A-Lot had actual or constructive knowledge of the bright yellow liquid. Save-A-Lot attached the transcript from the appellant's deposition

and the affidavit of Save-A-Lot employee Jose Martinez. Appellant filed a brief in opposition arguing that she did not see the puddle before she fell and that fact is sufficient to create a genuine issue of material fact as to the open and obvious nature of the condition. Appellant further argued that reasonable minds could differ with regard to whether the puddle was observable and as to the open and obvious nature of the liquid.

{¶4} On December 20, 2013, the trial court granted Save-A-Lot's motion for summary judgment finding that the bright yellow liquid was open and obvious as a matter of law and that there was no evidence that Save-A-Lot knew or should have known of the spill. The trial court dismissed the matter with prejudice. Appellant appeals, raising the following assignment of error:

> It was error for the trial court to grant summary judgment to the moving defendant in the face of several significant questions of fact.

{¶5} The proper standard of review for a trial court's grant of summary judgment is de novo. *Ekstrom v. Cuyahoga Cty. Community College*, 150 Ohio App.3d 169, 2002-Ohio-6228, 779 N.E.2d 1067 (8th Dist.). Summary judgment may be granted if the trial court determines the following:

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Dussell v. Lakewood Police Dept.*, 99 Ohio St.3d 299, 2003-Ohio-3652, 791 N.E.2d 456, ¶ 1-10, citing *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio

St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶6} To defeat a motion for summary judgment on a negligence claim, the nonmoving party must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶7} There is no dispute that the appellant was a business invitee. An owner or occupier of the premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc*., 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows, or has reason to know, of hidden dangers. *Rogers v. Sears*, 1st Dist. Hamilton No. C-010717, 2002-Ohio-3304. Where a hazard is not hidden from view or concealed and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 566 N.E.2d 698 (5th Dist.1989).

{¶8} The Supreme Court of Ohio recognized in *Armstrong v. Best Buy Co., Inc*., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 11-15, that the open-and-obvious doctrine relates to the threshold issue of duty in a negligence action. By focusing on duty, "the rule properly considers the nature of the dangerous condition

itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Id.* Where a condition is open and obvious, the premises owner is absolved from taking any further action to protect the plaintiff. *Id.* The open-and-obvious nature of the hazard serves as a warning, and the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Id.* at ¶ 4-8, citing *Simmers v. Bentley Constr. Co.,* 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). When the open-and-obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery. *Armstrong* at ¶ 4-8.

{¶9} The question of whether a danger is open and obvious is an objective one. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id.* Hence, a court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious. *See Stanfield v. Amvets Post No. 88*, 2d Dist. Miami No. 06CA35, 2007-Ohio-1896, ¶ 12.

{¶10} Notwithstanding the objective nature of the inquiry, the question of whether a danger is open and obvious is not always a question that can be decided as a matter of law simply because it may be visible. *Furano v. Sunrise Inn of Warren, Inc.*, 11th Dist. Trumbull No. 2008-T-0132, 2009-Ohio-3150, ¶ 23; *Hudspath v. Cafaro Co.*, 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911. To the contrary, the "attendant circumstances" of a slip and fall may create a material issue of fact regarding whether the

danger was open and obvious. *Id.* Attendant circumstances involve all facts relating to the slip and fall. *Armstrong v. Meade*, 6th Dist. Lucas No. L-06-1322, 2007-Ohio-2820, ¶ 14. In effect, attendant circumstances include any distraction that might divert an ordinary person's attention in the same circumstances and consequently reduce the amount of care a reasonable person would exercise. *Hudspath* at ¶ 19.

{¶11} In the present case, the appellant stated in her deposition that she slipped on a two-foot round puddle of bright yellow liquid of unknown origin. She further stated that nothing was covering the puddle and she did not know how long it had been there. Appellant argues that the application of the open-and-obvious doctrine is fact specific, and therefore each case must be examined. She then presents several cases in support of her position that whether a condition qualifies as open and obvious does not depend solely on whether the condition is observed by the plaintiff; rather, whether the condition is observable is determinative. The appellant argues that despite her attempts to walk cautiously while shopping, the liquid was not observable prior to her fall. She argues that this precludes the application of the open-and-obvious doctrine.

{¶12} Save-A-Lot responds that the puddle was a bright yellow liquid on a white floor. The appellant admits in her deposition that nothing was covering the puddle and, when she looked, she was able to see the puddle. Save-A-Lot argues that because she was able to see the puddle when she looked, the condition was open and obvious. Save-A-Lot's argument that the bright yellow liquid puddle was an open-and-obvious condition relies heavily on the assertion that appellant admitted in her deposition that had

she looked prior to slipping, she would have seen the liquid. In support of this statement Save-A-Lot cites to appellant's deposition. However, after a thorough review of the entire record, this statement was not found. The appellant actually stated that when she looked after she fell, she was able to see the puddle.

{¶13} Nonetheless, we agree with the trial court's conclusion that the yellow puddle constituted an open-and-obvious condition. In arguing the trial court's grant of summary judgment was improper, the appellant relies on cases that are factually distinguishable from the present case. Specifically, she cites to the following: *Collins v. McDonald's Corp.*, 8th Dist. Cuyahoga No. 83282 2004-Ohio-4074 (concerning a plaintiff who was distracted by people in front of him and tripped on a pothole); *Middleton v. Meijer, Inc.*, 2d Dist. Montgomery No. 23789, 2010-Ohio-3244 (concerning a plaintiff who slipped on clear laundry detergent that had been tracked through the store and had been reported to a store employee); *Trimble v. Frisch's Ohio, Inc.*, 2d Dist. Montgomery No. 21977, 2007-Ohio-4614 (concerning a plaintiff who slipped on a freshly mopped wet floor). However, a careful review of the facts in this case reveal that the appellant was not distracted by conditions outside of her control and she testified that the puddle had not been tracked through the store; rather it was concentrated in one area.

{¶14} We conclude that the bright yellow liquid would have been observable to a reasonable person. Therefore, the puddle was an open-and-obvious condition and the store owed no duty to the appellant to warn of its existence.

{¶15} We further note that, even if we were to conclude that the puddle was not

open and obvious, there is no evidence to suggest the store had been aware of the puddle prior to the appellant's fall or had constructive knowledge of the condition. When the defendant can show they had no actual knowledge of the condition, the plaintiff must show they had constructive knowledge in order to maintain the negligence claim. *Stepp v. Getgo Gas & Grocery*, 8th Dist. Cuyahoga No. 98325, 2012-Ohio-5184. Save-A-Lot submitted a sworn affidavit from employee Jose Martinez stating he had swept the floor at approximately 4:10 p.m.

{¶16} The only argument the appellant raises with regard to whether Save-A-Lot knew or had constructive knowledge of the liquid is a brief mention about video surveillance footage. This footage supposedly contradicts the Save-A-Lot employee's sworn affidavit. However, the videotapes were never entered into the record. Therefore, we will only consider the Save-A-Lot employee's affidavit.

{¶17} Given that the store had no actual knowledge of the puddle, the appellant must show that the length of time the puddle existed was sufficient to form constructive knowledge. In order to show the store had constructive knowledge of the puddle, the plaintiff is required to show that the length of time the hazard existed created the "inference that the failure to warn against it or remove it was a breach of ordinary care." *Stepp* at ¶ 2, discussing *Presley v. Norwood*, 36 Ohio St.2d 29, 32, 303 N.E.2d 81 (1973). However, the appellant states in her deposition that the puddle had not been tracked through the store and she did not know how long it had been there. There is no indication that the puddle existed for a length of time sufficient to manufacture

constructive knowledge nor is there evidence to suggest the store had actual knowledge of the puddle.

{¶18} Based on the foregoing, we overrule appellant's sole assignment of error and affirm the decision of the trial court.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR