[Cite as *Buonopane v. M. Co., Ltd.*, 2022-Ohio-4210.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CAROL BUONOPANE, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 111524 |
| v. | : | |
| THE M. COMPANY, LTD., | : | |
| Defendant-Appellee. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-944984

---

*Appearances:*

Stephen E. Bloom Co., L.P.A., and Stephen E. Bloom, *for appellant*.

Scott J. Davis, *for appellee*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant, Carol Buonopane, appeals the trial court's decision to grant summary judgment in favor of defendant-appellee, The M. Company, Ltd. After a thorough review of the facts and applicable case law, we affirm.

{¶ 2} On July 26, 2020, appellant and her sister went to Arnie's Clubhouse Grill ("Arnie's"), a bar and restaurant located on the premises of Stonebridge Driving Range and owned by defendant-appellee, The M. Company, Ltd. Appellant had dined at Arnie's before, most recently in March 2020. As appellant and her sister approached the entrance, their attention was drawn to signs on the door alerting them to the restaurant's COVID-19 protocols. They stopped to read the signs; appellant was standing behind her sister. Appellant took a step back to give her sister room to open the restaurant door. As appellant took a step back, the heel of her high-heeled sandal got caught in the expansion joint in the sidewalk. Appellant fell and injured herself.

{¶ 3} Appellant filed suit against appellee and others, alleging negligence. At deposition, appellant stated that she had just been walking from the parking lot to the restaurant entrance and was not "paying attention to the ground." She further stated that nothing was blocking or preventing her from seeing the expansion joint between the sidewalk sections and she would have seen the expansion joint had she looked down because "anybody would have seen it."

{¶ 4} Appellant's expert, Richard Zimmerman, a licensed professional architect in the state of Ohio, inspected the area and prepared a report and a supplemental report. Zimmerman determined that the expansion joint in the sidewalk had a gap of greater than one inch in width and one and one-eighth inch in depth and it violated numerous state and local building and maintenance codes. Zimmerman further opined that the COVID-19 signs posted on the restaurant doors

constituted "attendant circumstances," which prevented appellant from seeing the sidewalk expansion joint. He also opined that the expansion gap in the sidewalk was not open and obvious because appellant had her back to it immediately prior to the incident. Zimmerman concluded that the conditions at the incident location were deficient and violated reasonable standards, which directly and proximately caused appellant's fall and injury.

{¶ 5} Appellee's expert witness, Jeffrey Schroeder, an S-E-A Civil/Structural Engineer, also inspected the area and prepared a report. He determined that the sidewalk complied with the 1995 Ohio Basic Building Code and the Middleburg Heights Codified Ordinances. He noted that appellant testified at deposition that she did not trip over a raised section of sidewalk but fell when her heel caught in a sidewalk expansion joint; therefore, according to Schroeder, "discussion of height difference between sidewalk sections is irrelevant to the cause of her fall."

{¶ 6} Schroeder noted that building code requirements for elevation changes of less than 12-inches in the means of egress apply to designed elements of the building and its exit discharge, not variations that result from environmental stressors or settlement after construction. He attributed the differences in height between sidewalk sections along the joint to frost heaving and/or differential settlement, not to a design element of the sidewalk.

{¶ 7} Daniel Abbott stated at deposition that he had owned and operated Arnie's since 2017. According to Abbott, he had never had an issue or knew of a

previous fall immediately outside the entrance to his restaurant on the sidewalk. He also stated that he had never received any complaints about a "gap" in the sidewalk, nor had he ever noticed a problem in that area.

{¶ 8}     Appellee moved for summary judgment, arguing that there was no genuine issue of material fact that the expansion joint was open and obvious. Appellant filed a brief in opposition. The trial court granted summary judgment in favor of appellee on the basis that the sidewalk joint was an open-and-obvious danger as a matter of law and, therefore, appellee had no duty to appellant.

{¶ 9}     Appellant filed a notice of appeal, raising the following assignments of error, which we combine for review:

> I. The trial court erred in granting summary judgment to defendant-appellee, as there are genuine issues of material fact as to whether the risk and danger associated with the gap between two slabs in the sidewalk was open and obvious.
>
> II. The trial court erred, as there were attendant circumstances which distracted plaintiff-appellant Carol Buonopane from seeing and appreciating the nature of the gap between the slabs in the sidewalk.

{¶ 10}     In the first assignment of error, appellant argues there are genuine issues of material fact regarding the open and obvious nature of the sidewalk, which preclude summary judgment, including (1) whether an invitee approaching the entrance to Arnie's would notice the "gap" and appreciate the depth of the space; (2) whether appellant would have seen the "gap" as the restaurant owner and manager had not previously noticed the expansion joint; (3) the dimensions of the expansion joint; (4) whether the defect in the sidewalk should have been apparent to appellee so that a fall was foreseeable; (5) whether appellant would have noticed the defect

as a risk given her line of sight as she approached the entrance; and (6) the number of posted signs on the door. In her second assignment of error, appellant contends there were attendant circumstances that distracted her attention before she fell. Therefore, appellant argues, the trial court erred in granting summary judgment to appellee.

{¶ 11} This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 12} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

**{¶ 13}** We are mindful that the Supreme Court of Ohio noted in *Peters v. B. & F. Transfer Co.*, 7 Ohio St.2d 143, 219 N.E.2d 27 (1966), "'[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his [or her] trial by jury when he [or she] has the right.'" *Id.* at paragraph eight of the syllabus, quoting *J. C. Penny Co. v. Robison*, 128 Ohio St. 626, 193 N.E. 401 (1934), paragraph six of the syllabus. Indeed, the Ohio Supreme Court has indicated that granting of summary judgement "should be encouraged in proper cases." *North v. Pennsylvania RR. Co.*, 9 Ohio St.2d 169, 171, 224 N.E.2d 757 (1967).

**{¶ 14}** To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). "'If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989), quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, at 53-54 (1986).

**{¶ 15}** The status of a person who enters another's property defines the scope of the legal duty owed to that person. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). It is undisputed that appellant was a business invitee of appellee. Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including warning them of latent or hidden dangers to avoid unnecessarily and unreasonably

exposing them to risk of harm. *Naso v. Victorian Tudor Inn, L.L.C.*, 8th Dist. Cuyahoga No. 110652, 2022-Ohio-1065, ¶ 9, citing *Perry v. Eastgreen Realty Co.*, 53 Ohio St.2d 51, 52, 372 N.E.2d 335 (1978).

{¶ 16} "The open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious." *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus. "The open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. Cuyahoga No. 90563, 2008-Ohio-5131, ¶ 20, citing *Boros v. Sears, Roebuck & Co.*, 8th Dist. Cuyahoga No. 89299, 2007-Ohio-5720.

{¶ 17} In her deposition, appellant stated that she was familiar with the restaurant and had previously dined there, most recently a few months before her fall. She stated that at the time she approached the restaurant, she was focused on the signs posted on the doorway. She conceded that she would have seen the expansion joint, stating that "anyone would have seen it," but she was not looking down.

{¶ 18} In Ohio, business owners have no duty to repair a defect measuring two inches or less in height differential unless attendant circumstances exist making it reasonably foreseeable that the defect will cause an injury. *Gates* at ¶ 23, citing *Henry v. Marriott Hotel Servs., Inc.*, 2d Dist. Montgomery No. 19653, 2003-Ohio-

4840. Appellant's expert, Zimmerman, opined that the sidewalk joint was greater than one inch wide and one and one-eighth inch deep. Thus, appellant set forth no evidence that the defect was over two inches. Moreover, appellant stated at deposition that she did not trip on a raised piece of the sidewalk, rather she fell as the high heel of her left sandal caught on the edge of the sidewalk and went into the sidewalk joint. Thus, as noted by appellee's expert, Schroeder, discussion of height difference between sidewalk sections is irrelevant to the cause of appellant's fall.

{¶ 19} We further note that because appellant had previously been to Arnie's and had, in fact, traversed over the very spot upon which she fell moments before her fall, she had knowledge of the condition of the sidewalk at least equal to that of the appellee; therefore, appellee did not breach any duty owed to appellant. *See Reaves v. Varga*, 8th Dist. Cuyahoga No. 58799, 1991 Ohio App. LEXIS 3154, 10 (June 27, 1991). *See also LaCourse v. Fleitz*, 28 Ohio St.3d 209, 503 N.E.2d 159 (1986); *Wicichowski v. Gladieux V. Ents., Inc.*, 54 Ohio App.3d 177, 561 N.E.2d 1012 (6th Dist.1988).

{¶ 20} Appellant contends that attendant circumstances — specifically, the signs posted on the restaurant door alerting customers to COVID-19 precautions — distracted her attention from discovering the defect in the sidewalk.

{¶ 21} The presence of attendant circumstances may create an issue of fact as to whether a danger is open and obvious. *Cooper v. Meijer Stores L.P.*, 10th Dist. Franklin No. 07AP-201, 2007-Ohio-6086, ¶ 14. "Although there is no precise definition of 'attendant circumstances,' they generally include any distractions that

would come to the attention of an invitee in the same circumstance and reduce the degree of care an ordinary person would exercise at the time." *Naso*, 8th Dist. Cuyahoga No. 110652, 2022-Ohio-1065, at ¶ 25, citing *Carter v. Miles Supermarket*, 8th Dist. Cuyahoga No. 95024, 2010-Ohio-6365.

{¶ 22} For attendant circumstances to negate the application of the open-and-obvious doctrine, the circumstances must not only be present, but must create a "greater than normal, and hence substantial, risk of injury." *Naso* at *id.*, citing *Hill v. Mullins,* 2017-Ohio-1302, 88 N.E.3d 575 (2d Dist.), ¶ 17. The attendant circumstances, taken together, must divert the attention of the person, significantly enhance the danger of the defect, and contribute to the injury. *Naso* at *id.* A plaintiff who claims attendant circumstances must be able to point out differences between ordinarily encountered conditions and the situation that confronted the plaintiff. *Naso* at *id.*, citing *Humble v. Boneyard Westlake, L.L.C.*, 8th Dist. Cuyahoga No. 104348, 2016-Ohio-8149, ¶ 9. The breadth of the attendant circumstance's exception does not encompass the common or the ordinary. *Cooper* at ¶ 17, citing *Gamby v. Fallen Timbers Ents.*, 6th Lucas No. L-03-1050, 2003-Ohio-5184.

{¶ 23} Finally, attendant circumstances do not include the individual's activity at the time of the fall "unless the individual's attention was diverted by an unusual circumstance of the property owner's making and is beyond the control of the injured party." *McDonald v. Marbella Restaurant*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 29.

{¶ 24} In *Backus v. Giant Eagle*, 115 Ohio App.3d 155, 684 N.E.2d 1273 (7th Dist.1996), the plaintiff tripped and fell in a grocery store parking lot. The plaintiff alleged there were cracks in the blacktop that were one to one and one-half inches deep and up to three and one-half inches wide. At the time the plaintiff fell, he was reading the advertisements that the appellee-grocery store had placed on its windows and that, "by the placement of these advertisements, [the plaintiff] was caused to not look where he was stepping." *Id.* at 158. The plaintiff claimed the advertisements were attendant circumstances. The trial court granted summary judgment in favor of the grocery store. On appeal, the Sixth Appellate District affirmed, noting that "there is a paramount duty upon a pedestrian to look where he or she may be walking. If he or she exercises the option to read advertisements rather than to look at the surface upon which he or she is travelling, then he or she abandons the duty imposed to look." *Id.* The court concluded that the advertisements were not attendant circumstances, "which caused an insubstantial defect in the blacktop to become a substantial defect." *Id.*

{¶ 25} In this case, appellant stated at deposition that it was a "bright sunny day" when she arrived at the restaurant. She had a clear view of the entrance and did not have any issues walking to the entrance. Instead of watching where she was stepping, appellant focused her attention on the COVID-19 signs on the restaurant door. Because appellant admitted that she could have seen the sidewalk joint had she only looked, and there were no attendant circumstances to negate the

application of the open-and-obvious doctrine, the trial court properly granted summary judgment to appellee. The two assignments of error are overruled.

{¶ 26}    Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR