[Cite as *Richie v. Home Depot*, 2023-Ohio-68.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| DANA RICHIE, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 111394 |
| v. | : | |
| THE HOME DEPOT, | : | |
| Defendant-Appellee. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-932561

*Appearances:*

Tyrone E. Reed, *for appellant*.

Curtain Law, LLC, and Cynthia K. Curtin; McVey &
Parsky, LLC, and Jonathan R. Sichtermann, pro hac vice,
*for appellee*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant Dana Richie ("Richie") appeals the trial court's granting of the defendant-appellee The Home Depot's ("Home Depot") motion for summary judgment. We affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On March 21, 2019, Richie entered Home Depot with the intention of purchasing plastic pipes ("PVC"). According to Richie, after heading to the plumbing section and attempting to lift a PVC pipe, the pipe slipped from his hand and fell onto his foot. Richie claimed that there was a greasy or oily substance on the pipe that caused it to slip. After the pipe hit Richie's shoe, he proceeded to the checkout and purchased the pipe, where he informed the store associate that the pipe fell on his foot. At that time, Richie did not inform the associate that there was a substance on the pipe.

{¶ 3} Richie completed a customer incident statement, where he wrote "reaching for 3" x 10' PVC pipe from shelf and it fell on my foot — right foot." Under the section, "Describe Nature of Injury or Extent of Damages," Richie did not write anything. Richie also denied any medical attention.

{¶ 4} On May 13, 2020, Richie filed a complaint against Home Depot, alleging that Home Depot was negligent. In Richie's complaint, he does not allege that there was a greasy or oily substance on the PVC pipe. Instead, he claims that Home Depot "was negligent and reckless when it knew or should have known that the improper stacking of the pipes could result in the Plaintiff and other customers being injured." Richie complaint No. 113342580. However, during Richie's deposition, he stated:

So we went to the Home Depot to obtain a couple, well, it was one three inch by ten feet PVC pipe. And they had it on a shelf, and they had them — this particular Home Depot had the types standing straight up. And it was like on a three-foot shelf type deal. And when I was trying to take it down, it seemed like it must have had WD-40 or something like that, you know, and it just slipped right through my hands and hit the floor.

Richie deposition at p. 35

{¶ 5} On December 3, 2021, Home Depot filed a motion for summary judgment and argued that Richie "can point to no genuine issue of material fact relative to a breach of any duty owed to [him] by Defendant Home Depot." Home Depot Motion for Summary Judgment No. 4974723. In Richie's response to Home Depot's motion for summary judgment, he states that because there was an oily substance on the pipe, it slipped out of his hand and broke his toe.

{¶ 6} On March 9, 2022, the trial court granted Home Depot's summary judgment motion stating:

> The court, having considered all of the evidence and having construed the evidence in the light most favorable to Plaintiff, finds there is no genuine issue as to any material fact, that reasonable minds can come to but one conclusion and that Defendant is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

Journal entry No. 121724822 (Mar. 9, 2022).

{¶ 7} Richie filed this timely appeal, assigning one error for our review:

1. The trial court erred in granting Defendant's motion for summary judgment when all facts were against summary judgment and in Plaintiff's favor.

## II. Summary Judgment

### A. Standard of Review

{¶ 8} "This court reviews a trial court's ruling on a motion for summary judgment de novo, applying the same standard as the trial court." *Buonopane v. M. Co.*, 8th Dist. Cuyahoga No. 111524, 2022-Ohio-4210, ¶ 11, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Id.*

> Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

*Id.*

{¶ 9} "On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment." *Id.* at ¶ 12, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party must then point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial." *Id.*, citing *Dresher* at 293. "If the nonmoving party fails to meet this burden, summary judgment is appropriate." *Id.*

## B.    Law and Analysis

{¶ 10} In Richie's sole assignment of error, he argues that the trial court erred in granting Home Depot's summary judgment motion.  Richie argues that the facts support his claim that Home Depot was negligent because they had constructive knowledge of the hidden dangers of not doing a better job of cleaning the PVC pipes on the display shelf.  "To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach."  *Buonopane* at ¶ 14, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).  "'"If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence."'"  *Id.*, quoting *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989), quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, at 53-54 (1986).

{¶ 11} "The status of a person who enters another's property defines the scope of the legal duty owed to that person."  *Buonopane,* 8th Dist. Cuyahoga No. 111524, 2022-Ohio-4210, at ¶ 15, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).  Richie was a business invitee of Home Depot.  "Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including warning them of latent or hidden dangers to avoid unnecessarily and unreasonably exposing them to

risk of harm." *Id*., citing *Naso v. Victorian Tudor Inn, L.L.C.*, 8th Dist. Cuyahoga No. 110652, 2022-Ohio-1065, ¶ 9.

{¶ 12} Richie argues that there was an oily substance on the PVC pipe, which caused him to drop it. He also argues that Home Depot was negligent in cleaning the pipes. Home Depot states that they did not have knowledge that there was an oily substance on the pipes. "When the defendant can show they had no actual knowledge of the condition, the plaintiff must show they had constructive knowledge in order to maintain the negligence claim." *Cintron-Colon v. Save-A-Lot*, 8th Dist. Cuyahoga No. 100917, 2014-Ohio-4574*, ¶* 15, citing *Stepp v. Getgo Gas & Grocery*, 8th Dist. Cuyahoga No. 98325, 2012-Ohio-5184. "To show the owner had constructive knowledge of the condition, the plaintiff is required to show that the length of time the hazard existed created the 'inference that the failure to warn against it or remove it was a breach of ordinary care.'" *Id*. at ¶ 17, quoting *Stepp* at ¶ 2.

{¶ 13} After a review of the record, we determined that Richie has not demonstrated that an oily substance was on the PVC pipe, nor has he sufficiently demonstrated that if in fact the oily substance existed, it was on the pipe for enough time to allow Home Depot to clean it up or warn customers. "This court has recognized that 'an injured party may not rely on mere speculation and conjecture to attempt to demonstrate that a foreign substance had been present for a sufficient period of time to give a shopkeeper or his employees constructive notice of it.'"

*Calabrese v. Romano's Macaroni Grill*, 8th Dist. Cuyahoga No. 94385, 2011-Ohio-451, ¶ 19, quoting *Barnes v. Univ. Hosp. of Cleveland*, 8th Dist. Cuyahoga No. 66799, 1994 Ohio App. LEXIS 3231 (July 21, 1994). *See also Nice v. Meridia Hillcrest Hosp.*, 8th Dist. Cuyahoga No. 79384, 2001 Ohio App. LEXIS 3417 (Aug. 2, 2001) ("An owner has constructive knowledge of defects which existed for a sufficient length of time and would have been revealed by a reasonable inspection of the premises.").

{¶ 14} Additionally, the evidence reveals at the time of the incident, Richie did not inform any store associate of the oily substance on the PVC pipe, nor did he include the information on the incident report. In Richie's original complaint filed in the trial court, he stated, "[T]he Plaintiff was walking in an aisle, when some improperly stacked pipes fell and struck Plaintiff." Richie complaint No. 113342580. In Richie's complaint, he did not state that he grabbed one pipe that slipped from his hand and landed on his foot due to an oily substance. Instead, the complaint reveals that he stated that the pipes were improperly stacked and many pipes fell and struck him.

{¶ 15} Due to the fact that Richie has not demonstrated that Home Depot had constructive notice that there was an oily substance on the PVC pipe that caused his injury, we cannot state that the trial court erred when it granted summary judgment in favor of Home Depot.

{¶ 16} Therefore, Richie's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
MARY J. BOYLE, J., CONCUR