[Cite as *Lacher v. Circle K*, 2023-Ohio-1262.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL A. LACHER, ET AL., | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 00099 |
| CIRCLE K dba MAC'S CONVENIENCE STORES, LLC, ET AL., | |
| | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of Common Pleas, Case No. 2021 CV 00938


JUDGMENT:                              Affirmed


DATE OF JUDGMENT ENTRY:         April 17, 2023


APPEARANCES:

For Plaintiffs-Appellants

JUSTIN A. MARKOTA
Betras, Kopp & Markota, LLC
6630 Seville Drive
Canfield, Ohio 44406

For Defendants-Appellees

MICHELLE L. CASPER
Ulmer & Berne, LLP
65 East State Street – Suite #1100
Columbus, Ohio 43215

McCLELLON D. COX
Ulmer & Berne, LLP
Skylight Office Tower
1660 West 2nd Street – Suite #1100
Cleveland, Ohio 44113-1448

*Hoffman, P.J.*

{¶1} Plaintiffs-appellants Michael A. Lacher, et al., appeal the June 30, 2022 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Circle K, d/b/a Mac's Convenience Stores. LLC, et al.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 2, 2019 at approximately 7:46 p.m., Lacher visited the Circle K located at 707 N. Union Street, Alliance, Stark County, Ohio, to purchase gasoline for his truck and a cup of ice.  When he arrived, it was still daylight and it was raining lightly.  Lacher parked his truck by one of the gas pumps, walked across the parking lot, and entered the convenience store.

{¶3} Lacher exited the convenience store a short time later and proceeded back across the parking lot towards his truck.  As he was walking, Lacher stepped into a hole with his left foot and fell, catching himself with his left hand on the pavement.  Lacher did not notice the hole on his way into the convenience store and did not notice the hole on his way back towards his truck until he stepped into it.  The hole was an uncovered drain which measured approximately eighteen (18) inches in diameter and was four (4) to five (5) inches deep.  During his deposition, Lacher stated he was unable to see the uncovered drain, explaining "it blended right in with the pavement" as it was filled with water from a consistent rainfall throughout the day. Deposition of Michael Lacher at 37. As a result of the fall, Lacher sustained injuries to his left shoulder which required surgery.

**{¶4}** On June 30, 2021, Appellants Michael and Lora Lacher ("Lacher" and "Wife," individually; "Appellants," collectively) filed a complaint, naming Appellees as defendants and asserting claims of premise liability negligence and loss of consortium. Appellees filed a motion for summary judgment on May 23, 2022. On June 22, 2022, Appellants filed a memorandum contra and a motion to strike Exhibits 1 and 2 attached to Appellees' motion for summary judgment. Appellees filed a reply in support of summary judgment on June 28, 2022.

**{¶5}** Via Judgment Entry filed June 30, 2022, the trial court granted Appellees' motion for summary judgment, finding Appellants "failed to demonstrate the existence of a genuine issue of material fact with respect to the open and obvious nature of the hole in question." June 30, 2022 Judgment Entry Granting Defendants' Motion for Summary Judgment and Plaintiffs' Motion to Strike at 9.

**{¶6}** It is from this judgment entry Appellants appeal, raising the following assignment of error:

> THE TRIAL COURT ERRED BY FINDING THAT THE UNCOVERED DRAIN FILLED WITH RECENT RAINWATER WAS AN OBSERVABLE OPEN AND OBVIOUS CONDITION IN THE STORE'S PARKING LOT, AND THE ATTENDANT CIRCUMSTANCES SURROUNDING THE INCIDENT DO NOT CREATE A GENUINE ISSUE OF MATER FACT.

*Standard of Review*

**{¶7}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶8}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶9}** It is well established the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.

Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary *149 judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

*Analysis*

{¶10} "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10 (Citations omitted).

{¶11} "When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff." *Id.* (Citation omitted). The parties herein do not dispute Lacher was a business invitee. See, *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). ("Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner.").

**{¶12}** As a business invitee, Appellees owed Lacher "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985) (Citation omitted). "Keeping the premises in a reasonably safe condition generally means that a premises owner (1) must not create a dangerous condition on its premises, and (2) must warn its invitees of latent or concealed dangers, if the premises owner has actual or constructive knowledge of those dangers." *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 12CA21, 2013-Ohio2684, 993 N.E.2d 808, ¶ 18 (Citation omitted).

**{¶13}** "When the defendant can show they had no actual knowledge of the condition, the plaintiff must show they had constructive knowledge in order to maintain the negligence claim." *Cintron-Colon v. Save-A-Lot*, 8th Dist. Cuyahoga No. 100917, 2014 WL 5306788, 2014-Ohio-4574, ¶ 15 (Citation omitted).  To demonstrate constructive notice, the plaintiff must show the hazard existed for a sufficient length of time to reasonably "justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Day v. Finast Supermarkets*, 11th Dist. Trumbull No. 97-T-0229, 1999 WL 315395 at *3 (May 14, 1999).

**{¶14}** Constructive notice in premises liability requires direct or circumstantial evidence that in the exercise of ordinary care, the store had or should have had notice of the hazard due to the length of time the hazard was on the floor. *Brymer v. Giant Eagle, Inc.*, 11th Dist. Lake No. 2010-L-134, 2011-Ohio-4022, ¶ 20.

**{¶15}** But, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio

St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, paragraph one of the syllabus (Citation omitted). "The rationale underlying this doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at ¶ 5 (Internal quotations and Citation omitted). When courts apply the open and obvious doctrine, "they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it." *Armstrong* at ¶ 13.

{¶16} A danger is open and obvious when it is "not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, 2011 WL 1842245, ¶ 12.

{¶17} In its June 30, 2022 Judgment Entry, the trial court stated:

> Plaintiffs contend that summary judgment should be denied because Defendants "created a latent hazard by failing to repair a drainage system in the parking lot." Plaintiffs also contend that Defendants should be "charged with constructive notice" of the hazard because it "would have been revealed by a reasonable inspection. [Footnote 2 by the trial court]. Even if these assertions were shown to be true, Plaintiff's arguments are without merit. "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." *Adelman v. Timman* (1997), 117 Ohio App. 3d 544, 549, 690 N.E.2d 1332. The clear

and settled law in Ohio is that when a condition is open and obvious, there is *no duty* and no viable cause of action for premises liability based upon a theory of negligence. According to the Ohio Supreme Court, when a danger is open and obvious, a premises owner owes *no duty of care* to individuals lawfully on the premises. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. Rather, "the open and obvious doctrine. . . acts as a *complete bar* to any negligence claim." *Id.* at ¶ 13 (emphasis added).

June 30, 2022 Judgment Entry Granting Defendants' Motion for Summary Judgment and Plaintiffs' Motion to Strike at 7-8.

Footnote 2 reads:

Plaintiffs have produced no evidence that Defendants created the hazard or knew of the hazard. Plaintiffs have also produced no evidence as to how long the hazard had existed and therefore have failed to demonstrate Defendants had "constructive knowledge" of the hazard. (Citation omitted).

*Id.*

**{¶18}** Thus, the trial court found two grounds upon which to grant summary judgment in favor of Appellees, to wit: (1) Appellees lacked actual or constructive knowledge of the hazard, and (2) the hazard was open and obvious. On Appeal, Appellants only challenge the trial court's finding the hazard was open and obvious.

{¶19} By virtue of the two-issue rule, a decision which is supported by one or more alternate grounds properly submitted is invulnerable to attack on one issue only. *Freeport Lodge # 415 Free & Accepted Masons of Ohio v. MC Mineral Company,* 5th Dist. Guernsey No. 18 CA 2, 2018-Ohio-3783, ¶ 12 (Citations omitted).  Because the trial court herein found an alternate, independent ground to grant summary judgment in favor of Appellees, we find any analysis as to the appropriateness of the trial court's finding the hazard was "open and obvious" unnecessary under the two-issue rule.

{¶20} Appellants' sole assignment of error is overruled.

{¶21} The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur